**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**THEODORE DIEDRICKS,**

    **Plaintiff,**

vs.                                                **CASE NO.:**

**ALTERNATIVE TRANSPORTATION SERVICES, INC., a Florida for Profit Corporation,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THEODORE DIEDRICKS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, ALTERNATIVE TRANSPORTATION SERVICES, INC., ("Defendant") and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, unlawful retaliation, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. Defendant, ALTERNATIVE TRANSPORTATION SERVICES, INC., provides mortuary transport and removal service operating out of Beverly Hills, Florida (Citrus County).

4. Plaintiff, THEODORE DIEDRICKS, was an employee of the Defendant within the last three (3) years and resides in Bronson, Florida (Levy County).

## COVERAGE

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

8. Defendant was and continues to be an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(C).

10. Based upon information and belief, the annual gross revenue of Defendant, individually and separately, was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

12. Plaintiff is currently employed with Defendant and has worked for Defendant since January 14, 2016.

13. Plaintiff is a "body removal technician."

14. Plaintiff's work schedule was not set; rather, he was "on call" to receive body pick-up calls between 27 – 28 days each month.

15. Once a body pick-up call is received, his primary duties are to travel to the location where the cadaver is located, load the cadaver into his company provided vehicle and transport the cadaver from the location of pick-up to a location determined by the deceased's family.

16. While not performing his primary duties Plaintiff is also responsible for cleaning and maintaining his company owned vehicle. As Defendant requires that their vehicles always be kept in pristine condition, Plaintiff would typically wash and vacuum the vehicle 3 times per week.

17. Plaintiff was paid by Defendant on a biweekly schedule and his wages were derived in one of two methods.

18. The first method was based on a piece rate system whereby Plaintiff earned $45.00 per body removal and a mileage payment for all "loaded runs[1]" equal or greater than 30 miles. Alternatively, if Plaintiff's piece rate earnings for any given pay period were less than $900.00 then he would be paid a flat wage of $900.00. In essence, Plaintiff was to earn

---

[1] A "loaded run" was the return trip after the cadaver had been loaded in the vehicle. Mileage was only based on the total miles from time the cadaver was loaded until its final destination. If the distance traveled to pick-up the cadaver was 40 miles but the cadaver was only to be transported 20 miles after pick-up then the loaded run was less than 30 miles and no mileage payments were paid.

the greater of a $900.00[2] flat wage or his piece rate pay based on total body removal pick-ups and loaded runs.

19. Because Plaintiff's method of earning wages varied from pay period to pay period, how his overtime pay should have been calculated would also vary. For all pay periods that Plaintiff was paid by "piece rate" then the method of overtime calculation should be determined at a half time rate for all hours worked over forty (40) hours in a work week. Alternatively, for each pay period that Plaintiff was paid a flat wage of $900.00 then all hours worked over forty (40) should be paid at a rate of one and one half times his hourly rate of pay.

20. During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks. Specifically, Plaintiff was regularly required to work fifty-five (55) or more hours per week.

21. Regardless of the method of how Plaintiff's wages were derived for any given pay period, Plaintiff was never paid overtime compensation for any of the overtime hours worked.

22. Plaintiff consulted with undersigned counsel regarding Defendant's illegal pay practices and a letter of representation requesting records was served on the Defendant.

23. Thereafter, Defendant retaliated against Plaintiff by substantially limiting his driving privileges. Specifically, within days of receiving Plaintiff's request for records letter Plaintiff was told by Defendant that he was no longer permitted to use the Company vehicle

---

[2] While the agreement between Plaintiff and Defendant was that he would be paid $900.00 when that amount was greater than the piece rate pay that he would have earned, a review of Plaintiff's pay records provided by Defendant reveals that there were several pay periods where Plaintiff's gross pay was less than the $900.00 he was to have received.

for personal use and was only to use the vehicle to respond to body pick-up calls. This new rule was in direct response to the demand letter sent by undersigned counsel on behalf of Plaintiff. All other body removal technicians are permitted to use the Defendant provided vehicles for personal use.

24. Defendant has in place a policy that a body removal technician has ten (10) minutes to respond to and be in route for a body removal pick-up call. The result of Defendant's retaliatory action is that Plaintiff could never be further than ten (10) minutes from his domicile, where the Defendant's vehicle was kept, in order to respond to calls.

25. Defendant has also retaliated against Plaintiff in other ways. During one pay period after the demand for records letter had been sent Plaintiff spoke to other body removal technicians who informed him that in one week (half of one pay period) they had each received 13 pick-up calls. During that same time span Plaintiff had only received 4 calls.

26. Furthermore, Plaintiff has been retaliated by Defendant with regards to regular maintenance of his vehicle. Throughout Plaintiff's employment with Defendant the vehicle provided by Defendant needs regular service. During these time periods Plaintiff would deliver the vehicle to Defendant and Plaintiff would immediately be provided with a loaner vehicle to use.

27. After Defendant was served with the request for records letter from undersigned counsel Plaintiff brought his vehicle in to be serviced. He was not provided with a loaner vehicle. After five (5) days Plaintiff spoke to the service manager, who is the son of the owner of the Defendant, Alternative Transportation Services, Inc., and was told that he would not be receiving a loaner. Furthermore, Plaintiff was told that he would not be receiving his prior

vehicle back either. Plaintiff only received a loaner vehicle after undersigned counsel contacted counsel for the Defendant and advised him of what was occurring.

28. Defendant has retaliated against Plaintiff on multiple occasions because he complained about Defendant's unlawful pay and employment practices.

29. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

30. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

31. Defendant's retaliatory conduct against Plaintiff for complaining about Defendant's pay practices was willful.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

32. Plaintiff re-alleges and incorporates paragraphs 1-31 as if fully set forth herein.

33. Plaintiff regularly worked in excess of forty (40) hours per week.

34. Plaintiff was not properly compensated at the statutory rate of either half time of Plaintiff's regular rate of pay or, based on the method of wages calculation, one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

35. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

36. At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

37. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

38. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

42. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

43. Plaintiff demands a trial by jury.

44. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed as a "body removal technician"; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## COUNT II - RETALIATION

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 31 above.

46. During his employment with Defendant, Plaintiff made complaints to Defendant that he was not being paid overtime compensation and expressed his desire to be

paid the same.

47. On or about May 3, 2017, Plaintiff's counsel served a letter of representation informing Defendant that it was in violation of overtime laws and requesting records to the Defendant. See letter and return receipt attached as **Composite Exhibit "A."**

48. Following the demand, the Defendant subsequently limited Plaintiff's driving privileges, reduced his ability to earn a higher income by limiting the amount of body removal pick-up calls given to him and even limited his ability to work at all by not providing Plaintiff with a loaner vehicle when his was undergoing maintenance.

49. With regards to the restriction of Plaintiff's driving privileges, once Plaintiff was informed by Defendant that he was no longer permitted to use the Company vehicle for personal use he could never be more than ten (10) minutes away from where the Defendant's vehicle was kept. Due to Plaintiff's ten (10) minute response time requirement, the direct impact of this change was that Plaintiff was "engaged to work" for all hours in which he was on call to receive body pick-up calls.

50. Defendant has violated Title 29 U.S.C. §215 in that they have discriminated and retaliated against Plaintiff for exercising his rights under the FLSA

51. Defendant's retaliatory and discriminatory conduct towards Plaintiff was willful as Defendant knew or should have known that their actions were in violation of 29 U.S.C. §215(a)(3).

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

53. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 27th day of June, 2017.

Respectfully submitted by,

**/s/ JAMES J. HENSON**
James J. Henson, Esq.
Florida Bar No. 77476
MORGAN & MORGAN, P.A.
20 North Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
*Attorneys for Plaintiff*